

08-CV-00375-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RON WATERMAN, | CASE NO.: C08-0375-MJP |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S HABEAS PETITION WITHOUT PREJUDICE |
| KAREN BRUNSON, | |
| Respondent. | |

The Court, having reviewed Petitioner's petition for writ of habeas corpus, respondent's answer thereto, the Report and Recommendation of Mary Alice Theiler, United States Magistrate Judge, Petitioner's objections (Dkt. No. 8) and the remaining record, does hereby find and Order:

(1)  The Court adopts the Report and Recommendation;

(2)  Petitioner has not exhausted his state court remedies. "Before a federal court may consider the merits of a state prisoner's petition for a writ of habeas corpus, the prisoner generally must first exhaust his available state court remedies." Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007). Petitioner suggests that his failure to exhaust may be excused because he is "actually innocent." But the "actual innocence" exception to the state exhaustion rule applies once a petitioner has procedurally defaulted, that is, if the petitioner fails to present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time

of filing his federal habeas petition. A petitioner may then overcome that procedural default by "presenting sufficient evidence to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," including by making a showing of "actual innocence." Id. at 1139 (internal quotation marks omitted). But here, Petitioner has not procedurally defaulted. As recently as March 31, 2008, his direct appeal to the Washington Court of Appeals remained pending and his personal restraint petition ("PRP") was stayed pending final resolution of his direct appeal. Although Mr. Waterman is frustrated by the fact that he has to wait for the state courts to consider the merits of his appeal and then consider his PRP, the statute and case law make no exception in this case to the rule that a petitioner must first exhaust state court remedies before presenting his federal habeas claims. See 28 U.S.C. § 2254(b).

(2)   Petitioner's habeas petition and this action are DISMISSED, without prejudice; and,

(3)   The Clerk is directed to send copies of this Order to petitioner and to Judge Theiler.

DATED this  6  day of  June , 2008.

MARSHA J. PECHMAN
United States District Judge